LAWSON & HAYS v. S. WATSON, Trustee.

LIABILITY OF ENDORSER. *Not affected by insolvency of the principal's estate and failure of the creditor to file the claim against such estate.* The liability of an endorser of negotiable paper, who has received due notice of demand and non-payment, is joint and several with that of the maker, and the holder can elect to sue one or both. The fact that the maker has died, and that the insolvency of his estate has been suggested, and that the holder has failed to file the claim against the estate, does not affect the liability of the endorser. The endorser could in such case file the claim against the estate for his own protection.

FROM BRADLEY.

Appeal from the Circuit Court. JOHN B. HOYL, Judge.

BLIZZARD & BRADFORD for plaintiff.

S. P. and J. H. GAUT for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

This is a suit to recover the amount of two bills of exchange from the endorsers, the makers not being sued. Defendants put in two pleas:

1. Statute of limitation of three years; and

2. That the maker of the bills having died, his estate was administered in chancery as an insolvent estate, and because the plaintiff, Watson, failed, after notice, to file the claims against the maker's estate, for *pro rata* distribution, the estate was discharged, and therefore that the endorsers were discharged.

Lawson & Hays *v.* Watson.

These pleas were stricken out by the court, and that is the error relied on for reversal.

1. Before the Code, an endorsee could only sue an endorsor in assumpsit, and in that form of action, three years was the limitation. But since the Code, the limitation does not depend on the form of the action, but is prescribed according to the different natures of the suits. For an action to recover money, whether from the maker or endorser of a note, bill, etc., the limitation is six years. The first plea was, therefore, correctly stricken out.

2. The liability of endorsers, who have had notice of demand and non-payment, is joint and several with that of the maker of a bill or note. The holder can elect to sue one or both. In this case, the holder elected to sue the endorsers and not the makers. The fact that the maker died and the insolvency of his estate was suggested, in no way affected the liability of the endorsers — that was made absolute by demand and notice. For their protection the endorsers might have filed the claim against the estate of the maker, but the holder of the paper could do so or not, without affecting the liability of the endorsers. It was, therefore, no error to strike out this plea.

Judgment affirmed.